℠JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
William A. Dailey

## DEFENDANTS
Lafayette College

**(b)** County of Residence of First Listed Plaintiff: **Northampton**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Northampton**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
John S. Harrison, Esq., Broughal & DeVito, L.L.P.
38 W. Market St., Bethlehem, PA 18018; (610) 865-3664

Attorneys (If Known)
Unknown.

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. Sections 621 et seq.
Brief description of cause:
Age discrimination in violation of ADEA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ In excess of $150,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 02/11/2011
SIGNATURE OF ATTORNEY OF RECORD: /s/
John S. Harrison, Esquire

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 783 American General Drive, Easton, PA 18040

Address of Defendant: 12 Markle Hall, Easton, PA 18042

Place of Accident, Incident or Transaction: 12 Markle Hall, Easton, PA 18042
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☐ Unknown.

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, John S. Harrison, Esq., counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 2/11/11 _____ 53864
Attorney-at-Law        Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/11/11 _____ 53864
Attorney-at-Law        Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| WILLIAM A. DAILEY, <br>     Plaintiff <br>         v. <br> LAFAYETTE COLLEGE, <br>     Defendant. | : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION <br><br><br> NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 2/11/11 | _[signature]_ | John S. Harrison, Esquire |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| (610) 865-3664 | (610) 865-0969 | john-harrison@rcn.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM A. DAILEY,<br><br>    Plaintiff<br><br>v.<br><br>LAFAYETTE COLLEGE,<br><br>    Defendant | Civil Action No._____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff William A. Dailey (hereinafter, "Mr. Dailey"), by and through his undersigned counsel, Broughal & DeVito, L.L.P., files the instant Complaint against Defendant Lafayette College (hereinafter, "Lafayette"), averring as follows:

### Nature of Action

1. This is an action for age discrimination and age-based harassment.

### Parties

2. Mr. Dailey was born on June 7, 1958 and is presently 52 years old.

3. Lafayette College is a non-profit corporation organized pursuant to the laws of the Commonwealth of Pennsylvania and having an address situated at 12 Markle Hall, Easton, Pennsylvania 18042.

4. Lafayette College employs more than 1,000 employees.

1

**Procedural Prerequisites**

5. Mr. Dailey was terminated from his employment with Lafayette College on April 30, 2008.

6. On or about November 10, 2008, Mr. Dailey filed a written Charge of Discrimination and supporting Affidavit with the EEOC.

7. More than sixty (60) days have passed since Mr. Dailey filed his claim with the EEOC.

8. On or about November 15, 2010, the EEOC issued a Right to Sue letter to Mr. Dailey.

**Facts**

9. Mr. Dailey began working as a Network Engineer for Lafayette College in August 1998.

10. During Mr. Dailey's career at Lafayette College, he received a promotion to the position of Group Leader - Network Engineer.

11. In his role as Group Leader, Mr. Dailey was responsible for the network portion of Lafayette College's Information Technology Services and had two Network Engineers reporting to him.

11. In or around January 2004, Lafayette College hired John O'Keefe, an individual under the age of 30, to a managerial position over Mr. Dailey.

12. In or about 2006, Lafayette College initiated the process of designing and building a new network that would, in relevant part, operate using Cisco software.

2

13. At the time of its implementation, Lafayette College, by and through John O'Keefe and Neil McElroy, the Dean of Libraries and Information Technology, assured Mr. Dailey that he would have an opportunity to obtain training for the new network.

14. Rather than insuring that Mr. Dailey received such training, Lafayette College, by and through John O'Keefe and Neil McElroy, began a practice and pattern of discriminating against and harassing Mr. Dailey, as well as other employees over the age of 40.

15. As part of the aforesaid practice and pattern of harassment and discrimination, Lafayette College, by and through John O'Keefe and Neil McElroy, replaced older employees with substantially younger employees.

16. As part of the aforesaid practice and pattern of harassment and discrimination, Lafayette College, by and through John O'Keefe and Neil McElroy, repeatedly and publicly humiliated Mr. Dailey by suggesting that he was too old to comprehend and/or operate the new network.

17. Examples of the age-based harassment, humiliation and discrimination to which Mr. Dailey was subjected include the following:

    a. Despite its assurances to the contrary, Lafayette College, by and through John O'Keefe and Neil McElroy, refused to establish a training curriculum—including training requirements, mandatory classes, suggested classes, guidelines, goals and/or milestones—for Mr. Dailey to follow;

    b. Lafayette College, by and through John O'Keefe and Neil McElroy, specifically insured that its significantly younger employees had access to and were able to attend training sessions that would enable them to comprehend and/or operate the new network;

3

    c.    Lafayette College, by and through John O'Keefe and Neil McElroy, specifically excluded Mr. Dailey from those training sessions provided to its significantly younger employees;

    d.    Lafayette College, by and through John O'Keefe and Neil McElroy, refused to acknowledge that Mr. Dailey successfully learned and implemented the information he obtained at those training sessions he was able to attend;

    e.    Lafayette College, by and through John O'Keefe and Neil McElroy, persisted in suggesting that Mr. Dailey was too old to comprehend and/or operate the new system; and

    f.    Despite assuring Mr. Dailey he would have an opportunity to learn the new system, Lafayette College, by and through John O'Keefe and Neil McElroy, immediately and unjustifiably began to criticize his performance although it had been exemplary at all times material hereto.

18. On February 14, 2008, Lafayette College informed Mr. Dailey that his employment was terminated effective April 30, 2008.

19. On February 14, 2008, Lafayette College instructed Mr. Dailey that he was to work from his home until April 30, 2008.

20. It is reasonably believed and, therefore, averred that Lafayette College exclusively interviewed individuals under the age of 40 to replace Mr. Dailey.

21. Mr. Dailey was replaced by Michael Costello, an individual approximately 20 years younger than he.

## COUNT I
## (AGE DISCRIMINATION IN VIOLATION OF ADEA)

22. Mr. Dailey incorporates by reference herein the allegations contained in Paragraphs Nos. 1 through 21, *supra*, as though fully set forth at length hereinafter.

23. Mr. Dailey is over 40 years old.

24. Mr. Dailey was qualified for his position.

25. As more fully set forth, *supra*, Lafayette College discriminated against Mr. Dailey with respect to the terms and conditions of his employment because of his age.

26. As more fully set forth, *supra*, Lafayette College replaced Mr. Dailey with a significantly younger employee.

27. Lafayette College willfully discriminated against Mr. Dailey in violation of the Age Discrimination in Employment Act.

WHEREFORE, Mr. Dailey respectfully requests this Honorable Court enter judgment in his favor and against Lafayette College by awarding him relief including, but not limited to, the following:

    a. Back pay, front pay and all lost benefits, as well as other compensation;

    b. Reinstatement and upgrading;

    c. Liquidated damages;

    d. Prejudgment interest;

    e. Attorney fees and costs;

    f. A declaration that Lafayette College's conduct violated the Age Discrimination in Employment Act; and

    g. Any such other relief as this Honorable Court deems fitting.

## COUNT II
## (AGE-BASED HARASSMENT IN VIOLATION OF ADEA)

28. Mr. Dailey incorporates by reference herein the allegations contained in Paragraphs Nos. 1 through 27, *supra*, as though fully set forth at length hereinafter.

29. Lafayette College harassed Mr. Dailey because of his age.

30. The harassment was sufficient, severe and pervasive enough to alter the conditions of employment and create an abusive working environment for Mr. Dailey.

31. The harassment engaged in by Lafayette College was carried out by Mr. Dailey's superiors.

32. Submission to the age-based harassment was implicitly made a term of Mr. Dailey's employment.

33. The harassment affected Mr. Dailey to his detriment.

34. The harassment would detrimentally affect any reasonable person in the same situation as Mr. Dailey.

WHEREFORE, Mr. Dailey respectfully requests this Honorable Court enter judgment in his favor and against Lafayette College by awarding him relief including, but not limited to, the following:

    a. Back pay, front pay and all lost benefits, as well as other compensation;

    b. Reinstatement and upgrading;

    c. Liquidated damages;

    d. Prejudgment interest;

e. Attorney fees and costs;

f. A declaration that Lafayette College's conduct violated the Age Discrimination in Employment Act; and

g. Any such other relief as this Honorable Court deems fitting.

### JURY TRIAL DEMAND

35. Mr. Dailey requests trial by jury in the instant litigation.

BROUGHAL & DeVITO, L.L.P.

Date: February 11, 2011

By: _____
JOHN S. HARRISON, ESQ.
Attorney ID No. 53864
*Attorney for Plaintiff William A. Dailey*
38 West Market Street
Bethlehem, PA 18018
Telephone No. (610) 865-3664
Facsimile No. (610) 865-0969